UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALAN DAVID WYLLINS,

                              Plaintiff,

    v.

ROCHESTER MIDLAND CORPORATION,
AND MITCHELL LASK, HARRY GRASSEL,
AND ELIZABETH WAIDELICH, INDIVIDUALLY

                              Defendants.

---

**ANSWER ON BEHALF
OF DEFENDANTS ROCHESTER
MIDLAND CORPORATION,
MITCHELL LASK AND
ELIZABETH WAIDELICH**
Civil Action No.  07 CIV 6801

**JUDGE LYNCH**

---

Defendants Rochester Midland Corporation, ("RMC"), Mitchell Lask and Elizabeth Waidelich or (collectively "defendants"), by and through their attorneys, Harris Beach PLLC, for their joint answer to plaintiff's complaint state as follows:

1. With respect to the allegations contained in paragraphs "1," "2" and "3" of plaintiff's Complaint, defendants admit that plaintiff purports to bring this action pursuant to the statutes cited therein, refer to the statutes for their true and correct contents only, deny that defendants have committed any unlawful discriminatory acts, and otherwise deny the remaining allegations contained in the said paragraphs.

2. With respect to the allegations contained in paragraphs "4" and "5" of plaintiff's Complaint, defendants admit that this Court has subject matter jurisdiction over only those claims arising under federal law, refer to the statute cited therein for their true and correct contents only, admit that venue is proper in the United States District Court for the Southern District of New York and otherwise deny the remaining allegations set forth in the said paragraphs.

HARRIS BEACH
ATTORNEYS AT LAW

3. Defendants deny the allegations contained in paragraphs "6," "8," "14," "17," "22," "32," "33," "35," "38," "39," "42," "43," "51," "63," "64," "65," "68," "69," "70," "76," "81," "82," "83," "84," "85," "90," "94," "99," "100," "103," "104," "105," "106," "107," "108," "109," "110," "111," "112," "113," "115," "116," "117," "118," "119," "120," "121," "122," "123," "125," "128," "129," "130," "131," "132," "133," "135," "137," "139," "140," "141," "142," "143," "144," "145," "147," "150," "151," "152," "153," "155," "158," "159," "160" and "161" of plaintiff's Complaint.

4. Defendants admit upon information and belief the allegations contained in paragraphs "7," "21," 36," "37," "44," "45," "46," "47," 50," "59" and "93" of plaintiff's Complaint.

5. Defendants admit the allegations contained in paragraphs "9," "34" and "40".

6. With respect to the allegations contained in paragraph "10" of plaintiff's Complaint defendants admit that RMC is a company which, among other things, provides bathroom deodorizing services to businesses and industries.

7. With respect to the allegations contained in paragraphs "11," "126," "136," "148" and "156" defendants admit that Rochester Midland Corporation is an employer that is subject to the Americans with Disabilities Act and the Family Medical Leave Act based on the number of employees and otherwise deny the remaining allegations contained in the said paragraphs.

8. With respect to the allegations contained in paragraphs "12," "13" and "102" defendants admit that defendant Mitchell Lask was employed by Rochester Midland Corporation as a Service Coordinator during the period beginning in November of 2004 through the time that plaintiff was terminated and otherwise deny the remaining allegations contained in the said paragraphs.

9. With respect to the allegations contained in paragraphs "15" and "16" of plaintiff's Complaint, defendants admit that Harry Grassel was employed as a regional service/sales manager

and was the plaintiff's supervisor during the period from June 2001 through November 2004 and otherwise deny the remaining allegations contained in the said paragraph.

10. With respect to the allegations contained in paragraphs "18," "19" and "20" defendants admit that defendant Elizabeth Waidelich was employed at Rochester Midland Corporation as the Vice-President for Human Resources during the relevant time period further admit that Ms. Waidelich approved of a decision to terminate the employment of the plaintiff based on legitimate business reasons having nothing to do with any alleged protected characteristic and otherwise deny the remaining allegations of the said paragraph.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "23," "24," "25," "26," "27," "28," "29," "30," "31," "52," "53," "54," "55," "56," "57," "58," "61," "62," "67," "78," "79," "80," "101," "127," "138," "149" and "157" of plaintiff's Complaint.

12. With respect to the allegations contained in paragraph "41" of plaintiff's Complaint, defendants admit that plaintiff's onsite work should have included among other things visiting units under his care on a regular basis, checking that the deodorizing systems were in good working order and liaising with the supervisor of the building which housed the units to discuss problems and otherwise deny the remaining allegations in the said paragraphs.

13. With respect to the allegations contained in paragraph "48" of plaintiff's Complaint, defendants admit that the plaintiff had received only one written performance appraisal during his employment with Rochester Midland Corporation; further state that Sanor Service representatives did not receive written performance appraisals from RMC prior to 2004; further state that plaintiff was counseled numerous times regarding his performance; and otherwise deny the remaining allegations contained in the said paragraph.

14. With respect to the allegations contained in paragraph "49" of plaintiff's Complaint, defendants refer to the service representative performance appraisal referenced therein for its true and correct contents and otherwise deny the remaining allegations in the said paragraph.

15. With respect to the allegations contained in paragraph "60" of plaintiff's Complaint, defendants refer to the handwritten note dated December 2004 of Dr. Stephen J. Bernstein, M.D. for its true and correct contents only, admit that the note was provided to Rochester Midland Corporation's Human Resources Department and otherwise deny the remaining allegations contained in the said paragraph.

16. With respect to the allegations contained in paragraph "66" of plaintiff's Complaint, defendants admit that defendant Grassel received numerous complaints regarding plaintiff's performance during the relevant time period and for that reason attempted to contact plaintiff on numerous occasions to assist him in correcting problems and otherwise deny the remaining allegations contained in the said paragraph.

17. With respect to the allegations in paragraphs "71" and "72" of plaintiff's Complaint, defendants deny that Rochester Midland Corporation "did not suffer undue business hardship" because of plaintiff's extremely poor work performance; further deny that plaintiff fulfilled his work orders and met his deadlines; and otherwise deny knowledge or information sufficient to form a belief regarding the reasons for this performance deficiency.

18. With respect to the allegations contained in paragraphs "73," "74" and "75" defendants admit that defendant Grassel in or about February 2004 advised Mr. Wyllins of extremely critical problems involving his lack of service with respect to accounts with BMS Sanitary Supply Inc. including buildings at 11 Penn Plaza, 2 Park Avenue and other buildings in midtown Manhattan; further admit that, among other things, plaintiff was advised of his failure to properly install and

maintain the wicks of the Sanor units and otherwise deny the remaining allegations contained in the said paragraphs.

19. With respect to the allegations contained in paragraph "77" of plaintiff's Complaint, defendants admit that the plaintiff's employment was terminated as a result of extraordinarily poor performance issues and otherwise deny the remaining allegations contained in the said paragraph.

20. With respect to the allegations contained in paragraphs "86," "87," "88," "89," "91" and "92" defendants admit that on March 8, 2005 for the first time the plaintiff contacted RMC employee Thuy Tran advising her that he was sick and needed disability paperwork; that Ms. Tran forwarded the disability application to the plaintiff in accordance with his request; that the application was received and processed in accordance with New York State Law; and otherwise deny the allegations contained in the said paragraphs.

21. With respect to the allegations contained in paragraphs "95" and "96" of plaintiff's Complaint, defendants admit that defendant Lask attempted to contact plaintiff on numerous occasions leaving voice mail messages and other messages in an attempt to set up a meeting with the plaintiff to advise him personally of his termination; that plaintiff consistently and continuously refused to respond to these communications; that ultimately on March 10, 2005 defendant Lask had to contact plaintiff at home and read to him the memo he had intended to present to him personally; refer to the said memo for its true and correct contents; and otherwise deny the remaining allegations contained in said paragraphs.

22. With respect to the allegations contained in paragraph "97" of plaintiff's Complaint, defendants refer to the March 3, 2005 memo signed by Elizabeth Gates for its true and correct contents and otherwise deny the remaining allegations contained in the said paragraph.

23. With respect to the allegations contained in paragraph "98" of plaintiff's Complaint, defendants vehemently deny that plaintiff had "six exemplary years of service"; further state that

HARRIS BEACH
ATTORNEYS AT LAW

5

plaintiff had been made aware on numerous occasions of the extremely poor service he was providing and otherwise deny the remaining allegations contained in the said paragraph.

24. With respect to the allegations contained in paragraph "114" of plaintiff's Complaint, defendants deny that the statement contains an answerable allegation but rather a legal conclusion and otherwise deny the remaining allegations contained in the said paragraph.

25. With respect to the allegations contained in paragraphs "124," "134," "146" and "154" defendants repeats and reallege its responses to each and every allegation contained in paragraphs "1" through "153" of plaintiff Complaint with the same force and affect as if set forth herein at length.

26. With respect to the allegations contained in paragraph "162" of plaintiff's Complaint, defendants refer to the Right to Sue notice referenced therein for its true and correct contents and otherwise deny the remaining allegations contained in the said paragraph.

27. Defendants deny each and every other allegation not heretofore specifically denied or otherwise controverted.

### FIRST AFFIRMATIVE DEFENSE

28. The plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

29. Upon information and belief, Plaintiff's claims are barred under the doctrines of waiver, estoppel and the unclean hands doctrine.

### THIRD AFFIRMATIVE DEFENSE

30. Plaintiff's claims under the Americans with Disabilities Act of 1900, 42 U.S.C. §§12111 *et seq*. and 2000e *et seq*.; Section 107(a) ("ADA") and the New York Human Rights Law, N.Y. Exec. Law §296 *et seq*. ("NYHRL") and the New York City Administration code ("NYCAC")

are barred because upon information and belief during the relevant time period, the plaintiff did not have a disability as that term is defined under those statutes.

### FOURTH AFFIRMATIVE DEFENSE

31.  Assuming but not admitting plaintiff was "disabled" as defined under the ADA, the NYHRL and NYCAC, his claims are nonetheless barred because the only request for an accommodation made by the plaintiff was fully granted by defendant Rochester Midland Corporation.

### FIFTH AFFIRMATIVE DEFENSE

32.  Assuming but not admitting plaintiff was "disabled" as defined under the ADA, NYHRL and NYCAC, his claims are nonetheless barred because he was not otherwise qualified to perform the essential functions of his job.

### SIXTH AFFIRMATIVE DEFENSE

33.  Defendant RMC's employment decisions involving or affecting the plaintiff were based on legitimate business reasons, were supported by good cause and were not motivated by unlawful discrimination based upon plaintiff's s alleged medical condition and/or disability.

### SEVENTH AFFIRMATIVE DEFENSE

34.  Defendants deny any violation of law, but in any event, plaintiff's claims are barred in whole or in part because defendants' actions, if any, were neither willfully nor intentionally in violation of any federal, state or municipal law, statute or regulation.

### EIGHTH AFFIRMATIVE DEFENSE

35.  Upon information and belief, plaintiff's claims are barred to the extent the plaintiff failed to comply with the statutory prerequisites for bringing suit under the statutes cited in the Complaint.

### NINTH AFFIRMATIVE DEFENSE

36. Plaintiff's Complaint should be dismissed to the extent it is barred by the applicable limitations period.

### TENTH AFFIRMATIVE DEFENSE

37. This Court should not exercise jurisdiction over plaintiff's state law claims, because plaintiff's federal claims lack merit and should be dismissed.

### ELEVENTH AFFIRMATIVE DEFENSE

38. Plaintiff's claims are barred to the extent they are based upon acts or occurrences taking place more than 300 days prior to the plaintiff's filing of his charge with the Equal Employment Opportunity Commission. ("EEOC")

### TWELFTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred to the extent that they are outside the scope the allegations set forth in plaintiff's charge filed with the EEOC.

### THIRTEENTH AFFIRMATIVE DEFENSE

40. Plaintiff's claims for damages are barred to the extent he has failed to mitigate his damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

41. Defendants deny any violation of law, but in any event, plaintiff's claims are barred in whole or in part because defendants did not act with malice or with reckless indifference to plaintiff's rights.

### FIFTEENTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred because he knew of, but failed to utilize defendant RMC's policies and procedures protecting against discrimination.

### SIXTEENTH AFFIRMATIVE DEFENSE

43. The imposition of punitive damages on the facts alleged in the Complaint would violate the excessive fines and due process clauses of the Constitutions of the United States and of the State of New York.

### SEVENTEENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims for punitive damages are barred, because such damages are not recoverable or warranted in this action as the defendants is not alleged to have, nor did it, engage in egregious conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims for punitive damages are barred because defendants made good faith efforts to enforce an antidiscrimination policy.

### NINETEENTH AFFIRMATIVE DEFENSE

46. Plaintiff claims for punitive damages must be dismissed because the statutes cited in his Complaint do not provide such relief

### TWENTIETH AFFIRMATIVE DEFENSE

47. Plaintiff's claims are barred because plaintiff's admissions in his Complaint regarding two of his hospitalizations were not previously reported to the defendant RMC and constitute an independent, lawful basis for his termination because of his failure to report such hospitalization during his employment.

### TWENTY FIRST AFFIRMATIVE DEFENSE

48. Plaintiff's claims under the Family Medical Leave Act ("FMLA") are barred because plaintiff did not at any time request such leave nor did he provide reasonable notice that he

needed such leave nor did he follow defendant's applicable policies and procedures for obtaining such leave.

### TWENTY SECOND AFFIRMATIVE DEFENSE

49. Plaintiff suffered no actual damages in that plaintiff was upon information and belief, not cleared to return to work at the expiration of the twelve (12) week statutory period. His claims under the FMLA are therefore barred under <u>Ragsdale v. Wolverine World Wide, Inc.</u> 535 U.S. 81 (2002).

### TWENTY THIRD AFFIRMATIVE DEFENSE

50. Plaintiff's claims against the individual defendants are barred because there is no legal basis for seeking relief against them under the statutes cited.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint in its entirety and in the event judgment is granted, that it be reduced to the extent plaintiff has failed to mitigate his damages and otherwise demand such other and further relief as this Court deems just and proper, including costs, disbursements and reasonable attorneys' fees necessitated by this action.

Dated: October 29, 2007
       Pittsford, New York               HARRIS BEACH PLLC

                                             By: <u>s/Daniel J. Moore</u>
                                                Daniel J. Moore
                                                *Attorneys for Rochester Midland Corporation Mitchell Lask and Elizabeth Waidelich*
                                                99 Garnsey Road
                                                Pittsford, New York 14534
                                                Telephone: (585) 419-8800
                                                E-Mail: <u>dmoore@harrisbeach.com</u>

TO:    Anne Donnelly Bush, Esq.
          *Attorney for the Plaintiff*
          1085 Warburton Avenue, Ste. 824
          Yonkers, New York 10701
          Tel. & Fax: (212) 803-5470

017309 899376.5

